U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

APR - 1 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNION PACIFIC RAILROAD COMPANY | : | DOCKET NO. 06-291 |
| VS. | : | JUDGE TRIMBLE |
| DUNHAM PRICE MARINE, LLC, ET AL | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Before the Court is a "Motion for Summary Judgment" (doc. #16) filed by defendant, Dunham Price Marine, LLC ("Dunham Price") wherein the mover seeks dismissal of the Plaintiff's claims pursuant Federal Rule of Civil Procedure 56 because it did not breach any legal duty to Plaintiff which caused or contributed to the damages Plaintiff seeks in this lawsuit.

### FACTUAL STATEMENT

On or about September, 2005 Defendant, Dunham Price,[1] gave Defendant, Martin Marietta Materials of Louisiana, Inc., (Martin Marietta) verbal permission to allow it to moor its barges at Dunham Price's docks; there was no contract involved in the use of Dunham Price's docks. In anticipation of the approach of Hurricane Rita, all of Dunham Price's personnel evacuated and were not involved in the delivery, mooring, securing, towing, or monitoring of the barges. In their Complaint, Union Pacific Railroad Company ("Union Pacific") alleges that during the passage of

---

[1] Dunham Price is alleged to be the owner and operator of a barge fleeting facility located on the Calcasieu River. See Complaint, ¶ V.

Hurricane Rita, certain Barges[2] owned by Martin Marietta which were moored by the Tug ABC,[3] at Dunham Price's docks broke free from their moorings and struck the Union Pacific Railroad Bridge ("Railroad Bridge") causing substantial damage and consequential economic damage.[4]

Union Pacific alleges that Dunham Price was negligent in the following respects: (1) failing to exercise reasonable care in providing a safe berth for the Barges, (2) failing to properly secure the Barges, (3) failing to insure that the Barges in each tier of the Dunham Price fleet were properly secured, (4) failing to insure that the mooring lines were adequately secured for the wind and wave conditions brought on by Hurricane Rita, and (4) allowing the Barges to allide with the Railroad Bridge.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[5] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[6] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-

---

[2] Barges MM 3570, MM 3590, MMA 2304, MMA 2224B and MM 2327B.

[3] The TUG ABC is owned and operated by defendant, F&S Marine, LLC. Amended Complaint, ¶ VI.

[4] Complaint ¶¶ III, VI, and VII.

[5] Fed. R.Civ. P. 56(c).

[6] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

moving party.[7] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[8] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[9] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[10] There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[11] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[12]

## LAW AND ANALYSIS

Dunham Price maintains that it cannot be held liable because neither it nor its employees and/or personnel were involved in the delivery, mooring securing, towing, or monitoring of the Barges docked at its facility at the time of Hurricane Rita. Union Pacific argues that in accordance with *Rodi Yachts, Inc. V. National Marien, Inc.*,[13] Dunham Price nonetheless owes a "duty of slight care" to the Barges docked at its facility. Thus, Union Pacific maintains that summary judgment is

---

[7] *Stewart v. Murphy,* 174 F.3d 530, 533 (5th Cir. 1999).

[8] *Vera v. Tue,* 73 F.3d 604, 607 (5th Cir. 1996).

[9] *Anderson,* 477 U.S. at 249.

[10] *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986).

[11] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

[12] *Anderson,* 477 U.S. at 249-50.

[13] 984 F.2d 880 (7th Cir. 1993).

not proper. We disagree. Union Pacific has submitted no summary judgment evidence to create a genuine issue of material fact for trial. Union Pacific has presented no evidence of a contract between Dunham Price and the other defendant barge or tug owner/operators. Union Pacific has presented no summary judgment evidence that Dunham Price breached its alleged duty of slight care or that it was involved in the delivery, mooring, securing, towing or monitoring of the Barges docked at the Dunham Price facility. Mere allegations and/or arguments will not defeat a motion for summary judgment.

## CONCLUSION

For the reasons set forth above, the motion for summary judgment filed by Dunham Price will be granted, dismissing with prejudice all the claims asserted against this defendant.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 1st day of April ~~March~~, 2008.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE