U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

AUG 1 3 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNION PACIFIC RAILROAD COMPANY | : | DOCKET NO. 06-291 |
| VS. | : | JUDGE TRIMBLE |
| DUNHAM PRICE MARINE, LLC, ET AL | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the Court is a "Motion to Dismiss Pursuant to 12(b)(6)" (doc. #41) filed by defendant, F&S Marine, LLC wherein the mover seeks to dismiss the claims of Plaintiff, Union Pacific Railroad Co. ("Union Pacific") because Plaintiff's claims are time-barred under the general maritime law of laches. For the following reasons, the motion will be denied.

## FACTUAL STATEMENT

On or about September, 2005 Defendant, Dunham Price,[1] gave defendant, Martin Marietta Materials of Louisiana, Inc., (Martin Marietta) verbal permission to moor its barges at Dunham Price's docks; there was no contract involved in the use of Dunham Price's docks. In anticipation of the approach of Hurricane Rita, all of Dunham Price's personnel evacuated and were not involved in the delivery, mooring, securing, towing, or monitoring of the barges. In their Complaint, Union Pacific alleges that during the passage of Hurricane Rita, certain Barges[2] owned by Martin Marietta which were moored by the Tug ABC at Dunham Price's docks broke free from their moorings and

---

[1] Dunham Price is alleged to be the owner and operator of a barge fleeting facility located on the Calcasieu River. See Complaint, ¶ V.

[2] Barges MM 3570, MM 3590, MMA 2304, MMA 2224B and MM 2327B.

struck the Union Pacific Railroad Bridge ("Railroad Bridge") causing substantial damage and consequential economic damage.³ In their Amended Complaint filed on March 10, 2008, Union Pacific alleges that F&S Marine, LLC ("F&S Marine") was the owner and operator of the tug referred to as M/V ABC. Union Pacific alleges that defendants were negligent in (1) failing to exercise reasonable care in providing a safe berth for the Barges, (2) failing to properly secure the Barges, (3) failing to insure that all of the Barges in each tier of the Dunham Price fleet were properly secured, (4) failing to insure that the mooring lines were adequately secured for the wind and wave conditions brought on by Hurricane Rita, and (5) allowing the Barges to allide with the Railroad Bridge.

## RULE 12(b)(6) STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted. The test for determining the sufficiency of a complaint under Rule 12(b)(6) is that " 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' "⁴ Subsumed within the rigorous standard of the *Conley* test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged.⁵ The plaintiff's complaint is to be construed in a light most favorable to plaintiff, and the allegations contained therein are to be

---

³ Complaint ¶¶ III, VI, and VII.

⁴ *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)(per curium) citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, (1957)).

⁵ *Elliot v. Foufas*, 867 F.2d 877, 880 (5th Cir. 1989).

2

taken as true.[6] In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts.[7] "In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations. . . ."[8] "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[9] "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial."[10]

## LAW AND ANALYSIS

F&S Marine alleges that Union Pacific's amended complaint is time-barred under the general maritime doctrine of laches. Hurricane Rita made landfall on or about September 24, 2005. Plaintiff filed the original complaint on February 23, 2006. The complaint did not name specifically name F&S Marine as a defendant, but named the ABC Towing Company, a fictitious corporation, as the owner operator of a tug to be identified and referred to herein as the M/V ABC.[11] On March 10, 2008, pursuant to a motion for leave to amend complaint, with consent, Union Pacific filed an Amended Complaint naming F&S Marine as the owner and operator of the tug referred to as the M/V ABC. F&S Marine complains about the untimely filing of the amended complaint naming it

---

[6] *Oppenheimer v. Prudential Securities, Inc.* 94 F.3d 189, 194 (5th Cir. 1996).

[7] *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992).

[8] *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

[9] *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).

[10] *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).

[11] Complaint, ¶ III, § 3.

as a defendant and asserts the defense of laches.

The doctrine of laches is derived from the Latin maxim, "*vibilantibus non dormientibus aequitas subvenit,*" which means "equity aids the vigilant, not those who sleep on their rights."[12] "Laches is the failure to assert one's claim within a reasonable time, which alone or with other circumstances causes prejudice to the debtor or to third parties and becomes a bar to the claim."[13] The doctrine of laches has long been recognized, approved and utilized by the Fifth Circuit.[14] Courts consider analogous state prescriptive periods to be highly relevant when considering a defense of laches.[15] The Fifth Circuit explains the doctrine as follows:

> Laches is an equitable doctrine that, if proved, is a complete defense to an action irrespective of whether the analogous state's statute of limitations has run. As interpreted by this Court, the analogy rules serve primarily to determine where rests the burden of proof. When a plaintiff filed a claim in admiralty within the analogous statutory period, the defendant must show inexcusable delay and resulting prejudice in order to establish a laches defense. Where ... the statute has run prior to instituting suit, the plaintiff must prove either absence of prejudice or excuse for delay to repel a claim of laches.[16]

---

[12] *Visdean R. Vass & Xia Chen, the Admiralty Doctrine of Laches*, 53 La. L.Rev. 495 (Nov.1992).

[13] *William Tetley – Maritime Liens and Claims*, p.857 (2nd Ed. 1998).

[14] See *The Gertrude*, 38 F.2d 946 (5th Cir. 1930); *Point Landing, Inc. v. Alabama Dry Dock & Shipping Co.*, 261 F.2d 861 (5th Cir. 1958); *Akers v. State Marine Lines, Inc.*, 344 F.2d 217 (5th Cir. 1965); *Esso International, Inc. v. The SS CAPTAIN JOHN*, 443 F.2D 1144 (5th Cir. 1971).

[15] Historically, suits brought in admiralty were not governed by any statute of limitations, *The Key City*, 81 U.S. 653, 660 (1872), largely due to the nature of the industry where long voyages and primitive communication systems made it difficult for a complainant to obtain the necessary jurisdiction over the vessel. *Bermuda Exp., N.V. v. M/V LITSA*, 872 F.2d 554 (3d Cir. 1989).

[16]*Deutsche Shell Tanker -Gesellschaft mbH v. Placid Refining Co.*, 767 F.Supp. 762, 781 (E.D. La.1991)(quoting *Mecom v. Levingston Ship Building Co.*, 622 F.2d 1209, 1215 (5th Cir.

The existence of laches is primarily an exercise of discretion of the trial court and should not be determined by a mere reference to and a mechanical application of the statute of limitations.[17] The equities of the parties must be considered as well. Where there has been no inexcusable delay in seeking a remedy and where no prejudice to the defendant has ensued from the mere passage of time, there should be no bar to relief.[18] The existence of laches is a question of fact to be decided by the court after weighing the equities as they appear from the facts of each case.[19]

Union Pacific argues that the motion to dismiss should be denied because (1) dismissal based on laches is a fact-intensive inquiry that requires evidence that the parties have not developed, nor is there any evidence or an allegation as to how F&S Marine was prejudiced by any delay in filing the Complaint, (2) Union pacific filed its Amended Complaint as soon as it discovered the identity of F&S Marine, and (3) F&S Marine was not prejudiced by any delay in filing the Amended Complaint.

Defendant, Martin Marietta, joins in the reasons set forth by Union Pacific and maintains that because there has been no unreasonable delay, the motion should be denied. Martin Marietta contends that the Court should apply the uniform statute of limitations for maritime torts found at 46 U.S.C.A. § 30106 (formerly 46 U.S.C. app. § 763(a)) as the analogous statute of limitations. Martin Marietta asserts that the three year period of 46 U.S.C.A. § 30106 has been used by at least two courts for determining which party bears the burden of laches analysis.

F&S Marine has cited Fifth Circuit case law wherein the courts have applied 46 U.S.C.A. §

---

1980).

[17] *Gardner v. Panama R. Co.*, 342 U.S. 29, 72 S.Ct. 12 (1951).

[18] *The Key City, supra.*

[19] *McDaniel v. Gulf & South American Steamship Co.*, 228 F.2d 189 (5th Cir. 1955).

5

30106 to cases that involved personal injuries or maritime employment. F&S Marine has also cited case law wherein the federal district courts have held that the analogous statutes of limitations for maritime property damage claims are Louisiana's one-year statutes of limitations for delictual actions, Louisiana Civil Code articles 3492 and 3493.[20] Based on a review of these cases, the Court concludes that because this case is solely a property damage claim, 46 U.S.C.A. § 30106 does not apply to the laches analysis.

Courts first look to analogous state or federal prescriptive periods to determine whether or not the claim would be timely if it were a land-based claim.[21] Under Louisiana law, the appropriate time limit for filing claims for delictual property damages is one year from the date the damage occurred.[22] If the analogous period of time has passed prior to instituting suit, the burden is on the plaintiff to prove the absence of prejudice to the defendant or a reasonable excuse for the delay.[23]

Hurricane Rita made landfall on or about September 24, 2005, thus Plaintiff's claim against F&S Marine expired in September of 2006. Even though the complaint was filed February 23, 2006, the amended complaint which named F&S Marine as a defendant was not filed until March 10, 2008.

---

[20] See *Steelmark (USA), Inc. v. M/V Handy Explorer*, 2002 WL 31640482 (E.D. La. 2002); *Bisso Marine Co., Inc. v. Conmaco, Inc.*, 2001 WL 434493 (E.D. La. 2001); *Boland Marine & MFG. Co., LLC v. M/V A.G. NAVAJO*, 2002 WL 31654952 (E.D. La. 2002); *Robert B. Miller v. M/V RENEE*, 2001 WL 515249 (E.D. La. 2001); *Marine Equip. Mgmt. Corp. v. Louisiana Salt Carriers, Inc.*, 1993 WL 310510, at *2 (E.D. La. 1993); *Odeco Drilling, Inc. v. The M/V Claire Tide*, 1992 WL 329514, at *2 (E.D. La. 11/3/1992); *Mobil Exploration & Producing US, Inc. v. A-Z Grant International Co.*, 1992 WL 186975, at *7 (E.D. La. 1992); *Doxey Marine Service, Inc. v. Gulf Fleet Marine Corp.*, 422 So.2d 578 (La.App. 3 Cir. 1982).

[21] *Akers v. State Marine Lines, Inc.*, 344 F.2d 217, 220 (5th Cir. 1965).

[22] La. Civ. Code art. 3493.

[23] *Id.* at 219; *Barrois v. Nelda Faye, Inc.*, 597 F.2d 881, 884-85 (5th Cir. 1978).

Thus, Union Pacific bears the burden of showing excusable delay or lack of prejudice to F&S Marine. F&S Marine asserts that Union Pacific's delay prejudiced it because it was never given an opportunity to perform an investigation of Union Pacific's alleged damages, interview potential witnesses, and/or gather documentary evidence which may now not exist.

As previously stated, Union Pacific has the burden of proving excuse for its delay or that F&S Marine has not been prejudiced by its delay.[24] Proof of delay alone is not enough to bar suit because an excusable delay does not support a laches defense.[25] Further, the court must determine whether the party against whom the claim is asserted has been unduly prejudiced as a result of the delay.[26] "[P]rejudice because of delay in asserting a maritime claim is not established merely because one loses what he otherwise would have kept; rather the delay must subject him to a disadvantage in asserting or establishing his claimed right or defense."[27] In *Akers, supra,*[28] the Fifth Circuit addressed the issue of laches and held that the "existence of laches cannot be determined merely by a reference to and a mechanical application of the statute of limitations. The equities of the parties must be considered as well. Where there has been no inexcusable delay in seeking a remedy and where no prejudice to the defendant has ensued from the mere passage of time, there should be no bar to

---

[24] *Mecom v. Levingston Shipbuilding Co.,* 622 F.2d 1209 (5th Cir. 1980).

[25] *Gaddesden Shipping Corp. v. Barwil Agencies (N.A.) Inc.,* 2001 WL 775578 *3 (E.D. La. July 9, 2001).

[26] *Cornetta v. United States,* 851 F.2d 1372, 1378 (Fed.Cir.1988).

[27] *Esso Intern., Inc. v. S.S. CAPTAIN JOHN,* 443 F.2d 1144, 1150 (5th Cir. 1971); *Akers v. State Marine Lines, Inc.,* 344 F.2d 217, 220 (5th Cir. 1965).

[28] *Akers,* 344 F.2d at 220.

relief."[29] Prejudice may be established if the party being sued is unable to mount a defense as a result of the delay.[30] "'Defense prejudice' may include the loss of records, destruction of evidence, fading memories, or unavailability of witnesses."[31]

The Court finds that because the issues of delay and prejudice necessitate a fact intensive inquiry, it would be improper to rule on a motion to dismiss pursuant to Federal Rule of Procedure 12(b)(6) which looks only to the allegations in the pleadings. There has been no evidence submitted by the parties for this Court to determine if the delay in naming F&S is excusable, or if in fact, F&S would be prejudiced by such delay. Furthermore, even if this motion were a motion for summary judgment and there were disputed issues of material fact, the motion could not be granted but would have to be referred to the merits of the laches defense.[32]

## CONCLUSION

Based on the foregoing, the motion to dismiss will be denied.

**THUS DONE AND SIGNED** in chambers in Lake Charles, Louisiana on this 13th day of August, 2008.

JAMES T. TRIMBLE, JR.
U.S. DISTRICT JUDGE

---

[29] *Id.* Citing *Gardner v. Panama R. Co.*, 342 U.S. 29, 72 S.Ct. 12 U.S. (1951).

[30] *Id.*

[31] *Id.*

[32] See *Akers*, 344 F.2d at 220-221.