U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

MAR 18 2009

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNION PACIFIC RAILROAD COMPANY | : | DOCKET NO. 06-291 |
| VS. | : | JUDGE TRIMBLE |
| DUNHAM PRICE MARINE, LLC, ET AL | : | MAGISTRATE JUDGE KAY |

## ORDER

Before the Court is "F&S Marine's Motion in Limine to Exclude Evidence" (doc. #71) wherein defendant, F&S Marine seeks to exclude evidence of drug use and/or a failed drug test by the former captain of F&S' towboat, the M/V CAITLIN. F&S maintains that the evidence pertains to a drug test that happened prior to the incident of this lawsuit, and happened while the captain was working for another employer. Thus, F&S argues that this evidence is inadmissible to prove liability without evidence that the captain was somehow impaired as a result of consuming the drug.[1]

Plaintiff, Union Pacific, maintains that the evidence is admissible because the captain testified in a deposition that his license had expired a few months prior to Hurricane Rita, when in fact, the captain's license was revoked by the Coast Guard with the captain's consent due to the results of a drug test.[2] Thus, Union Pacific argues that the captain's credibility is at issue.

Union Pacific further asserts that F&S and the captain were in violation of 46 U.S.C. 8904(a) for operating the CAITLIN without being licensed by the Coast Guard, and 46 U.S.C. 7503(b)(2)

---

[1] Citing *Duzon v. Stallworth*, 866 So.2d 837 (La.App. 1st Cir. 2002) *writ denied*, 842 So.2d 1101 (La. 05/02/03) in addition to numerous other cases.

[2] Plaintiff's Exhibit A.

for allowing Clemons to work aboard a vessel without demonstrating to the Coast Guard that he had been cured. 46 U.S.C. § 7704 provides that upon a positive urinalysis identifying a seaman as a user of a dangerous drug, the seaman is prohibited from working on a vessel until certified as rehabilitated.[3] Union Pacific argues that these violations trigger the application of the Pennsylvania Rule which shifts the burden of proof to F&S to show that these violations not only did not but could not have caused the incident in question.[4]

After having considered the law and the arguments of the parties, the Court finds that the captain's contradictory testimony is relevant to his credibility. Furthermore, under the Pennsylvania Rule, F& S will have to prove that violations of the above mentioned statutes could not have been a cause of the incident. However, the Court concludes that it would be highly prejudicial to F&S for the jury to be informed as to the reason the captain's license was revoked unless there is evidence that the captain was using drugs on the date of the incident. Accordingly, it is

**ORDERED** that the Court hereby grants the motion in limine to the extent that any testimony concerning the captain's positive drug test or reference to the captain's marijuana use shall be excluded. However, the motion will be denied to the extent that the Court will allow testimony

---

[3] See also 46 C.F.R. § 16.201.

[4] The PENNSYLVANIA, 86 U.S. (19 Wall) 125 (1873); see also *Associated Dredgin Co., Inc. V. Continental Marine Towing Co.*, 617 F.Supp. 961 (E.D. La. 1985)(lack of a required license is a violation of laws intended to assure safe navigation and therefore triggers Pennsylvania Rule's burden-shifting); *Ins. Co. Of North America v. John J. Bordlee Contractors, Inc.*, 532 F.Supp. 774 (E.D.La. 1982)(holding that lack of license triggered Pennsylvania Rule, and rejecting argument that lack of possession of license should not trigger the Rule because it "may or may not reflect actual navigational skills"); The DENALI, 112 F.2d 952 (9th Cir. 1940)(manning laws are intended to prevent fatigue in the navigating officer – their violation triggers Pennsylvania Rule); *Wright v. P.J. St. Pierre Marine, Inc.*, 1989 WL 211485, 1990 A.M.C. 325 (S.D. Tex. 1989)(failure to have licensed captain aboard shifted the burden to vessel owner to show that the failure could not have caused or contributed to the casualty).

and evidence that the Coast Guard revoked the captain's license, he failed to take the necessary steps to have it reinstated, and he lied about having his license suspended or revoked.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 18th day of March, 2009.

*James Trimble*
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE